IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOANNE M. STINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-1177-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff filed her application for SSI on March 31, 2007. On August 20, 2009, following a hearing, the ALJ found plaintiff disabled from August 1, 2001, to June 30, 2006, but not at any time thereafter. On October 14, 2010, the Appeals Council denied Plaintiff's request for review. The ALJ's decision, therefore, stands as the final decision of the Commissioner.

The facts and arguments of the parties are presented in full in their briefs and will not be repeated here. An oral argument was held on September 1, 2011.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

not reverse it because substantial evidence exists in the record that would have
supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1980, and was twenty years old at the date of her alleged onset of disability. She has a high school education, but has no past relevant work. Plaintiff alleges disability due to anemia, colon pain, ulcerative colitis, a leg tumor and swelling, and inflammation and bleeding in her bowels and stomach.

The Administrative Law Judge (ALJ) found that from August 1, 2001, through June 30, 2006, plaintiff did not engage in substantial gainful activity. The ALJ found that plaintiff suffered from the severe impairments of ulcerative colitis/proctosigmoiditis and chronic anemia. The ALJ found that these severe impairments did not meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that from August 1, 2001, through June 30, 2006, considering the plaintiff's age, education, work experience and residual functional capacity (RFC), there were no jobs that existed in significant numbers in the national economy that plaintiff could have performed, and therefore, she was under disability, as defined

2

by the Social Security Act, during this time. However, the ALJ determined that, beginning July 1, 2006, there was a medical improvement that related to plaintiff's ability to work, thereby ending her disability determination under the Social Security Act. The ALJ found that beginning July 1, 2006, plaintiff had the RFC to perform sedentary work with some limitations to accommodate for her impairments. Based on the testimony of the Vocational Expert at the hearing, the ALJ determined there was a significant number of jobs in the national economy that plaintiff could perform.

Plaintiff alleges the ALJ erred in (1) failing to give controlling weight to the opinion of the treating physician; (2) finding that plaintiff had medically improved; and (3) finding plaintiff not fully credible. The Commissioner has responded in opposition.

*Treating Physician*

A treating physician's opinion is entitled to controlling weight if it is well supported by acceptable diagnostic procedures and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527. See also Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing factors in considering amount of weight to give to a medical opinion). Here, the opinion of plaintiff's treating physician, Dr. Houston-Gray, was not well supported by the record and was inconsistent with the weight of the evidence as a whole. Dr. Houston-Gray's own treatment notes were inconsistent with her opinion as to the severity of plaintiff's symptoms and impairments. See id. The ALJ properly gave Dr. Houston-Gray's opinion very little weight. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007) (ALJ entitled to discount opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record).

Further, the ALJ can properly credit other medical evaluations in the record over that of a treating physician when such evaluation is better supported by the evidence in the record. See Heino v. Astrue, 578 F.3d 873 (8th Cir. 2009). The regulations specifically provide that the opinions of nontreating physicians may be considered. 20 C.F.R. § 404.1527(f). Here, having determined that Dr. Houston-Gray's opinion was inconsistent with substantial evidence in the record, the ALJ was clearly authorized to consider the opinions of other physicians such as Dr. Goldhamer. Hacker v. Barnhart, 459 F.3d 934, 939 (8th Cir. 2006). See also Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007). Dr. Goldhamer is a board-certified gastroenterologist, which

3

plaintiff's treating physician was not. In reviewing a claim for disability benefits, greater weight is generally given to the opinion of a specialist about medical issues in the area of specialty rather than to the opinion of a nonspecialist. 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5). See also Brown v. Astrue, 611 F.3d 941, 953 (8th Cir. 2010). Here, not only was Dr. Goldhamer a board-certified gastroenterolgist, but he had the benefit of reviewing the entire record, including plaintiff's complaints made at the hearing. Additionally, it is noted that Dr. Goldhamer was a program physician and, thus, a highly qualified physician and expert in Social Security disability evaluations. See 20 C.F.R. §§ 416.927(d)(4)-(5).

The weight given by the ALJ to the differing medical opinions is supported by substantial evidence in the record.

*Medical Improvement*

As to medical improvement, the ALJ properly relied on the opinion of Dr. Goldhamer and the record as a whole. Medical improvement is any decreases in medical severity of an impairment established by improvement in, among other things, symptoms. See 20 C.F.R. § 416.994(b)(1)(I). The ALJ properly considered that lack of medical evidence to support plaintiff's limitations due to disability after June 2006. The ALJ properly relied on the opinion of Dr. Goldhamer, who stated that the evidence that supported Dr. Houston-Gray's limitations and plaintiff's complaints prior to June 2006 were no longer present after June 2006. Further noted is evidence showing that plaintiff on many occasions during this period was noncompliant with the recommendations of her doctors, including Dr. Houston-Gray, regarding follow-up with other doctors and with recommended testing. Further, plaintiff was failing to reschedule, schedule or show up for her appointments with gastroenterolgist Dr. Daniels. "[N]oncompliance can constitute evidence that is inconsistent with a treating physician's medical opinion and therefore can be considered in determining whether to give an opinion controlling weight." Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010). Here, plaintiff's noncompliance contradicts her treating physician Dr. Houston-Gray's opinion as to continued severity of symptoms after June 2006. There is substantial evidence in the record to support the ALJ's finding of medical improvement beginning June 2006.

*Credibility*

The ALJ did not err in assessing plaintiff's credibility. The ALJ's credibility findings were based on valid reasons. The ALJ found plaintiff's complaints to be credible through June 30, 2006, but that thereafter, her complaints were not entirely credible because they were inconsistent with her treatment, work history, and testimony of gastroenterolgist Dr. Goldhamer. The ALJ found there was a lack of objective medical evidence confirming the severity of plaintiff's ulcerative colitis and chronic anemia beginning on July 1, 2006. The ALJ properly considered the inconsistencies between plaintiff's subjective allegations of disabling symptoms and the objective medical evidence, including plaintiff's failure to follow treatment recommendations and go to follow-up appointments. The ALJ also noted that plaintiff's reported daily activities were inconsistent with her complaints of total disability after July 1, 2006. Id. ("Acts which are inconsistent with claimant's assertion of disability reflect negatively upon that claimant's credibility). The ALJ properly concluded that while plaintiff had medically determinable impairments reasonably expected to produce the alleged symptoms, her complaints of their disabling severity were not entirely credible. The record contains substantial evidence to support the ALJ's decision discounting plaintiff's complaints of disabling symptoms. The ALJ's credibility determination should be affirmed. Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) (credibility determination to be affirmed where ALJ articulated inconsistencies supported in the record that undermined claimant's subjective complaints). See also Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003) (credibility questions concerning claimant's subjective complaints are primarily for the ALJ to decide and not the reviewing court).

## Conclusion

There is substantial evidence in the record to support the ALJ's determination that after July 1, 2006, plaintiff did not suffer from a disability as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 15th day of November, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge